IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-002068-BNB

ANTOINE BRUCE,

      Plaintiff,

v.

JOHN T. RATHMAN,
ALEJO BORRERO-HERNANDE,
LEE H. GREEN,
JOSE A. SANTANA,
DAVID A. BERKEBILE,
PAUL M. LAIRD,
HARRELL WATTS,
L. ROBINSON, and
S. CEDENO,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Antoine Bruce, is in the custody of the Federal Bureau of Prisons at ADX in Florence, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The Court reviewed the Complaint and the § 1915 Motion, determined the filings were deficient, and directed Plaintiff to cure the deficiencies.  Plaintiff cured the deficiencies in part on August 14, 2014.  Plaintiff also filed a Motion to Compel, ECF No. 6, a Motion to File First Amended Complaint, Ecf No. 8, and a Motion for a Supplemental Complaint, ECF No. 10.  On September 8, 2014, the Court granted Plaintiff's § 1915 Motion.

The Court must construe Plaintiff's Complaint and Motions liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all

that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed Plaintiff's Complaint finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The supporting facts in the Complaint are repetitive, disjointed, and are not set forth in a short and concise statement. The Motion to Compel and the Motion for a Supplemental Complaint state the same claims that Plaintiff has asserted in the Complaint.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

 To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Plaintiff cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No.

02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending

"correspondence [to high-ranking prison official] outlining [a] complaint . . . without more,

does not sufficiently implicate the [supervisory official] under § 1983").

Finally, the Complaint improperly combines a number of separate and unrelated

claims against different defendants.  Pursuant to Rule 18(a) of the Federal Rules of Civil

Procedure, "[a] party asserting a claim . . . may join, as independent or alternative

claims, as many claims as it has against an opposing party."  However, the issue of

whether multiple defendants may be joined in a single action is governed by Rule

20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) ***Defendants***.  Persons . . . may be joined in one action as
> defendants if:
>
> > (A) any right to relief is asserted against them
> > jointly, severally, or in the alternative with
> > respect to or arising out of the same
> > transaction, occurrence, or series of
> > transactions or occurrences; and
> >
> > (B) any question of law or fact common to all
> > defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Plaintiff has identified multiple incidents.  The incidents involve the alleged

actions of various defendants and raise a range of issues as follows: (1) denial of due

process in a disciplinary proceeding; (2) denial of proper placement for treatment of his

mental illness; (3) denial of occupational and educational programs; and (4) sexual

harassment and use of excessive force against him.  Plaintiff may not join separate and

unrelated incidents against multiple defendants.

Requiring adherence in prisoner suits to the federal rules regarding joinder of

parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.' " *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).

The Court, however, will refrain from dropping or severing parties at this time because Plaintiff must first submit an Amended Complaint that complies with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court may dismiss the action without further notice. It is

FURTHER ORDERED that because Plaintiff has been directed to file an Amended Complaint the Motion to Compel, ECF No. 6, and the Motion for a Supplemental Complaint, ECF No. 10, are denied as moot. It is

FURTHER ORDERED that the Motion to File First Amended Complaint, ECF No.

8, is denied as unnecessary.

DATED September 8, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge