IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-02068-GPG

ANTOINE BRUCE,

        Plaintiff,

v.

A. OSAGIE,
KAITLIN B. TURNER, and
L. ROBINSON,

        Defendants.

_____

ORDER DENYING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

_____

Plaintiff Antoine Bruce is in the custody of the Federal Bureau of Prisons and

currently is incarcerated at the United States Penitentiary-ADX in Florence, Colorado.

On July 24, 2014, Plaintiff initiated this action by filing *pro se* a Prisoner Complaint.  The

Court granted Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915 on September 8,

2014.  The Court then directed Plaintiff to file an Amended Complaint; but after being

granted several extensions of time Plaintiff failed to comply and the action was

dismissed without prejudice.  On December 31, 2014, Plaintiff filed a Motion for

Reconsideration of the dismissal, which the Court granted on January 28, 2015.  Plaintiff

was allowed thirty days to comply with the September 8, 2014 Order to Amend.  Plaintiff

filed an Amended Complaint on February 12, 2015, that is the operative pleading for this

Order.

On March 9, 2015, Defendants in another of Plaintiff's pending cases notified the

Court Plaintiff is subject to filing restrictions pursuant to 28 U.S.C. § 1915(g).  *See Bruce*

*v. Alvarez, et al.*, No. 14-cv-03232-RM-NYW, ECF No. 27 (D. Colo. Filed Nov. 26,

2014).  Magistrate Judge Gordon P. Gallagher then entered an Order to Show Cause in

this case as follows.

> Upon review of the Public Access to Court Electronic Records
> (PACER), the Court now has found that Plaintiff is subject to filing
> restrictions pursuant to 28 U.S.C.§ 1915(g).  The Court, therefore, will
> vacate the September 8, 2014 Order granting Plaintiff leave to proceed
> pursuant to § 1915 and direct Plaintiff to show cause why he should not be
> denied leave to proceed pursuant to 28 U.S.C. § 1915 for the reasons
> stated below.

> Plaintiff, on three or more occasions, has brought an action that
> was dismissed on the grounds that it failed to state a claim or was
> frivolous.  *See Bruce v. Coulter, et al.*, No. 14-cv-00210-LTB (D. Colo. Apr.
> 23, 2014) (dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i))
> (unpublished); *Bruce v. Denney*, No. 14-cv-03026-SAC (D. Kan. Apr. 2,
> 2014) (dismissed for failure to state a claim and as legally frivolous)
> (unpublished); *Bruce v. C. Wilson, et al.*, No. 13-cv-00491-WJM-CBS (D.
> Colo. Nov. 4, 2013) (a Fed. R. Civ. P. 12(b)(6) dismissal).  In relevant part,
> § 1915 provides:

> > In no event shall a prisoner bring a civil action or
> > appeal a judgment in a civil action or proceeding under this
> > section if the prisoner has, on 3 or more prior occasions,
> > while incarcerated or detained in any facility, brought an
> > action or appeal in a court of the United States that was
> > dismissed on the grounds that it is frivolous, malicious, or
> > fails to state a claim upon which relief may be granted,
> > unless the prisoner is under imminent danger of serious
> > physical injury.

> 28 U.S.C. § 1915(g).

> Based on the following, Plaintiff does not assert that Defendants'
> actions are the cause of any imminent danger of serious physical injury.  In
> the Complaint, Plaintiff states three claims.  In the first claim, Plaintiff
> asserts he has a skin condition that is not being addressed.  In the second
> and third claims, Plaintiff asserts he is being denied access to the courts.
> Plaintiff is required to provide "specific fact allegations of ongoing serious
> physical injury, or a pattern of misconduct evidencing the likelihood of
> imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050
> (8th Cir. 2003) (emphasis added).  Vague or conclusory allegations of
> harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th
> Cir. 1998).  Because Plaintiff is subject to § 1915(g) filing restrictions, **all** of
> his claims must contain **specific factual descriptions** that would support
> a violation of his constitutional rights and state why he currently is in

imminent danger of serious physical injury.

Therefore, the Court finds that Plaintiff has initiated three or more actions that count as strikes pursuant to § 1915(g) and that he is not under imminent danger of serious physical injury based on the alleged actions. Pursuant to § 1915(g) he is precluded from bringing the instant action *in forma pauperis*. Plaintiff will be ordered to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g).

ECF No. 33 at 1-3. This Court agrees with Magistrate Judge Gallagher's findings.

Rather than respond to the Order to Show Cause Plaintiff filed a second Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Motion for a Temporary Restraining Order and for a Preliminary Injunction (Motion for TRO/PI). *See* ECF Nos. 34 and 35. In both the § 1915 Motion and the TRO/PI Motion, Plaintiff now claims that he is in imminent danger because Defendant Osagie refuses medical treatment for the extreme swelling in his legs from his feet to his knees. Plaintiff also asserts in the § 1915 Motion that he is having panic attacks, heart palpitations, chest pains with labored breathing, and he thinks he has diabetes, but Defendant Osagie will not order the needed tests. The Court construes both the § 1915 Motion and the TRO/PI Motion as a Response to the March 17, 2015 Order to Show Cause.

In the TRO/PI Motion, Plaintiff asserts in a conclusory manner that Defendant Osagie will not order the needed medical testing to determine if Plaintiff has diabetes. Plaintiff also asserts that he initiated a hunger strike on March 19, 2015, because of the ongoing deprivation of his medical treatment. He further asserts that he ended the strike when on March 27, 2015, he was placed on the "Tele-Psychiatrist" waiting list to address resuming his anti-depressant drug prescription. ECF No. 35 at 3.

Plaintiff's hunger strike claim no longer is at issue, because he has stopped the strike and has been placed on the Tele-Psychiatric list. Plaintiff also does not state in

3

the TRO/PI Motion specific factual descriptions of how in each of the three claims raised in the February 12 Complaint Defendants placed him in imminent danger of serious physical injury.  Plaintiff, however, does address a new issue of extreme swelling of his feet and legs and has attached to the TRO/PI Motion, requests that he allegedly submitted to "All Medical Staff/Officials/A. Osagie & PHS Thompson" for immediate care regarding a laundry list of medical issues, which include the swelling of his feet and legs. TRO/PI Mot., ECF No. 35-1 at 1-6.

In the April 9 § 1915 Motion, Plaintiff states that Defendant Osagie has refused him medical treatment and as a result he is in extreme pain due to swelling in his feet and ankles.  ECf No. 34 at 2.  Plaintiff also contends that he suffers from panic attacks, heart palpitations, chest pains, labored breathing, choking sensations, semi-paralysis in his feet and that he believes he has diabetes, which Defendant Osagie refuses to treat. *Id.*

Subsequent to filing the Motion for TRO/PI, on May 7, 2015, Plaintiff filed a Motion to Amend Complaint to Add Party and tendered a Second Amended Complaint. *See* ECF Nos. 36 and 36-1.  In the Motion to Amend, Plaintiff adds three new defendants and asserts a violation of his First and Fifth Amendment rights because L. Robinson, S. Cedeno, D. Humphries, and R. Mitchell continue to withhold administrative remedy forms, refuse to respond to informal resolution attempts, and delay submission of administrative remedy requests.   ECF No. 36.  In the tendered Complaint, Plaintiff lists twenty-five remedy requests in which he claims these individuals violated his First and Fifth Amendment rights, but he fails to assert specifically what each individual did. ECF No. 36-1 at 4.  Plaintiff also states that he has been subjected to serious and/or irreparable physical injury/harm such as:

sexual abuse; deprivation of basic human needs such as: food, exercise, shelter, clothing, reasonable safety &/or mental health, and proper medical care/treatment; physical problems such as: chest pains; breathing problems, heart palpitation following panic attacks labored breathing; choking sensations, paralysis, severe headaches, migraines, physical abuse/excessive use of force; bursitis; exposure to Hep-B watery and burning eyes, loss of over 40-pounds; suicide attempts; self mutilations due to lack of mental health treatment and care; obstruction of upward movement of left shoulder without substantial and extreme pain and discomfort, substantial and extremely painful callouses on fingers hindering &/or obstructing continuous writing by plaintiff.

*Id.* Even if the Court were to consider the Amended Complaint submitted on May 7, 2015, as properly filed pursuant to Fed. R. Civ. P. 15, Plaintiff still has failed to comply with the March 17, 2015 Order to Show Cause as stated below.

Plaintiff is required to provide "specific fact allegations of **ongoing** serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Vague or conclusory allegations of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Plaintiff was directed, in the March 17, 2015 Order to Show Cause, that all of his claims must contain specific factual descriptions stating why he is in imminent danger of serious physical injury.

With respect to the claims Plaintiff raised in the February 12 Complaint, the Court finds Plaintiff has failed to assert specific factual descriptions of imminent danger of serious physical injury by A. Osagie, Kaitlin B. Turner, and L. Robinson. Plaintiff also fails to assert specific factual descriptions of imminent danger of serious physical injury by either the defendants or any of the individuals noted in the May 7, 2015 tendered Complaint. If Plaintiff wishes to pursue the claims he raised in the February 12 Complaint and the May 7 Amended Complaint, he must pay the $400.00 filing fee ($350 filing fee, plus a required $50 administrative fee) pursuant to 28 U.S.C.

§ 1914(a).  Plaintiff is reminded that, even if he pays the filing fee in full, a review of the merits of the February 12 and May 7 claims is subject to 28 U.S.C. § 1915(e)(2), and the claims may be dismissed notwithstanding any filing fee if the claims are found to be frivolous or malicious, lacking in merit, or asserted against a defendant who is immune from suit.

As for the failure to treat Plaintiff's feet and ankle claims asserted in the TRO/PI Motion against Defendant Osagie, the Tenth Circuit has acknowledged that "[e]very circuit to have decided the issue so far has concluded that statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (collecting cases).  Plaintiff did not raise these claims in the Complaint filed on February 12, but only raises them now after Magistrate Judge Gallagher directed Plaintiff to show cause why he should not be denied leave to proceed pursuant to § 1915 because the claims he asserts in the February 12 Complaint doe not contain specific factual descriptions stating why he is in imminent danger of serious physical injury.

Even if the Court were to consider the TRO/PI Motion and the § 1915 Motion as an attempt to amend the Complaint, and as properly asserted in the present tense as intended by § 1915, Plaintiff fails to assert in either Motion specific factual descriptions stating why he is in imminent danger of serious physical injury.

Plaintiff attached to the TRO/PI Motion a Declaration dated April 6, 2015, that states "over the past six days since about March 30, 2015 to which I am not receiving medical treatment I can't walk at times due to the intense pain and discomfort at which I am forced to crawl around" and that "MLP/PA A. Osagie is not providing no treatment to

me but instead fabricate my medical records saying that he gave me medical/adequate treatment which is false.  I'm in extreme pain and discomfort."  ECF No. 35 at 13.

In support of Plaintiff's statements in the TRO/PI Motion that his sick call requests have been ignored, Plaintiff attaches two exhibits that are titled, "Urgent Sick Call Request;" one is dated February 27, 2015, and the other is dated March 20, 2015, and both claim substantial pain and discomfort due to the swelling of Plaintiff's feet. ECF No. 35-1 at 2 and 6.  Yet, when Plaintiff filed a new complaint on March 16, 2015, *see Bruce v. Cermak, et al.*, No. 15-cv-00540-GPG (D. Colo. Filed Mar. 16, 2015), which was signed and dated March 8, 2015, he did not challenge the now claimed imminent danger medical concern that his feet and legs are swollen, causing extreme pain, or the other medical concerns stated in the April 9, 2015 § 1915 Motion.  Instead, in Case No. 15-cv-00540-GPG, Plaintiff asserts that the named defendants were responsible for sexually assaulting and harassing him on several occasions in 2014.

Plaintiff also attached three other Sick Call Requests to the TRO/PI Motion that address his alleged feet and legs condition.  ECF No. 35-1 at 20, 24, and 26.  None of these requests indicate specifically when or how Defendant Osagie denied Plaintiff treatment for his feet and legs or for other conditions referred to in the April 9 § 1915 Motion.  Nothing Plaintiff asserts in the TRO/PI Motion or in the attachments to the Motion makes a "specific reference as to [when Defendant Osagie] denied him what medication or treatment for what ailment on what occasion."  *Hafed*, 635 F.3d at 1180 (internal quotation marks and citation omitted).

Finally, nothing in the § 1915 states when Defendant Osagie denied him what medication or treatment for what ailment on what occasion.

Nonetheless, the Court has a continuing concern for the safety of prisoners housed within the jurisdiction of this Court, which specifically in this case is a concern regarding Plaintiff's alleged inability to walk and to endure the extreme pain he is experiencing due to the swelling in feet and ankles.  The Court, therefore, will direct service on the Warden at Florence-ADX for the limited purpose of submitting to the Court a report on whether Plaintiff has received the necessary treatment for the alleged swelling and is not in immediate danger of serious physical harm regarding this condition.  *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (approving district-court procedure of requiring prison officials named in civil-rights lawsuits to investigate and report to court on relevant facts at outset of case).  No reply to the report or other motions or pleadings will be allowed by Plaintiff in this action at this time.  The Court, therefore, will withhold any decision regarding Plaintiff's ability to proceed under 28 U.S.C. § 1915 regarding his inability to walk due to the swelling in his feet and ankles.  Accordingly, it is

ORDERED that the Clerk of the Court initiate service of process on the Warden at ADX Florence for the limited purpose of seeking a report as set forth above.  It is

FURTHER ORDERED that the Warden or an appropriate prison staff member is instructed to provide a report to the Court within ten days of the date of this Order.  It is

FURTHER ORDERED that Plaintiff is restricted from filing any further pleadings or motions in this action at this time, including a reply to the report provided by the Warden or appropriate prison staff.  It is

FURTHER ORDERED that the Motion for a Temporary Restraining Order and for a Preliminary Injunction, ECF No. 35, and the Prisoner's Motion and Affidavit for Leave

to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 34, are construed as a Response to the March 17, 2015 Order to Show Cause.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF. No. 7, is denied with respect to all claims that fail to state an imminent danger of serious physical injury.  It is

FURTHER ORDERED that the Motion to Amend, ECF No. 36, is denied as unnecessary.  It is

FURTHER ORDERED that Plaintiff shall have **thirty days from the date of this Order** to pay the entire $400.00 filing fee if he wishes to pursue his claims as stated in this action.  It is

FURTHER ORDERED that if Plaintiff fails to pay the entire $400.00 filing fee within the time allowed, the Court will dismiss all claims that fail to assert an imminent danger of serious physical injury.  It is

FURTHER ORDERED that the only proper filing by Plaintiff at this time is the payment of the $400.00 filing fee.

DATED May 20, 2015 at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court