# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02068-RM-NYW

ANTOINE BRUCE,

    Plaintiff,

v.

A. OSAGIE,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

This civil action is before the court on the following motions:

1. Plaintiff Antoine Bruce's Motion to Compel ("Motion to Compel") [#54, filed November 13, 2015][1];

2. Plaintiff's "Emergency Motion for Status of the Case, Docket Sheet of the Case, In Conjunction With Motion of Court Appointed Counsel" ("Motion for Status") [#59, filed November 19, 2015]; and

3. Defendant Osagie's "Motion to Clarify re [42] Order Reassigning Case, Terminate Motions, Add and Terminate Parties" ("Motion to Clarify") [#61, filed November 30, 2015].

---

[1] The court uses the convention [#__] to refer to docket entries on the Electronic Court Filing ("ECF") system in this action. Where the court refers to the ECF docket entries on related matters, the court uses "ECF No. ___."

These matters are before this Magistrate Judge pursuant to the Order Referring Case dated July 6, 2015 [#43] and the memoranda dated November 13, 2015 [#55], November 20, 2015 [#60], and December 1, 2015 [#62].

Plaintiff Antoine Bruce is in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the United States Penitentiary in Florence, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The history of this action is well known to the court and the Parties, is succinctly delineated in previous court orders, *see, e.g.,* [#42], and for purposes of brevity will not be recounted here except as it pertains to the pending motions that are the subject of this Order.

Section 1915 and the Local Rules of this District require a court to evaluate a prisoner complaint and dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); D.C.COLO.LCivR 8.1(b). Pursuant to such review, on July 6, 2015, the court issued an Order to Draw In Part and to Dismiss In Part, dismissing all defendants except for Defendant Osagie and dismissing all claims asserted by Plaintiff except for the claim construed in Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction ("Motion for TRO/PI") [#35], regarding the excessive swelling in his ankles and feet. [#42]. The case was then reassigned to the Honorable Raymond P. Moore and the undersigned Magistrate Judge. *Id.*

On July 14, 2015, the Clerk of the Court served Plaintiff's last-filed pleading, the Second Amended Complaint [#30], but did not serve the Motion for TRO/PI or the Order to Draw in Part

and to Dismiss In Part on Defendant Osagie. [#44; *see also* #45, #46].[2] On September 9, 2015, Defendant Osagie, through his counsel, requested an extension of time to respond to the Second Amended Complaint [#48], which this court granted [#50]. On November 13, 2015, Defendant Osagie, through his counsel, requested a second extension of time to respond to the Second Amended Complaint [#56], which this court granted in part, ordering that Defendant respond on or before December 1, 2015. [#58]. Also on November 13, 2015, Plaintiff filed the pending Motion to Compel, stating that Defendant had not served him with a copy of the first motion for extension of time to respond to the Second Amended Complaint, asking for a status of this case, and asking for a copy of the docket sheet. [#54].

Mr. Bruce is awaiting a competency evaluation in an unrelated criminal matter pending before another court in this District. *See United States v. Bruce*, 14-cr-00480-WYD (D. Colo.). As a result of the forthcoming competency evaluation, this court stayed the proceedings in a related civil matter. *See Bruce v. Alvarez*, 14-cv-3232-RM-NYW, ECF No. 47. On November 17, 2015, this court ordered Plaintiff to file notice on or before December 4, 2015 "should he object to the court proceeding with the administration of this case prior to the outcome of a competency hearing." [#58].

On November 19, 2015, Plaintiff filed the pending Motion for Status, requesting an update on the posture of this litigation and appearing to request that the court appoint counsel to represent him. [#59]. On November 30, 2015, Defendant Osagie, through his counsel, filed the pending Motion to Clarify, representing that counsel had inadvertently sought extensions of time

---

[2] It appears from the docket entry that the Clerk intended to serve both the Second Amended Complaint and the Order to Draw in Part and Dismiss In Part, but included only the pleading in the service. [#44]. There is no indication that the Clerk attempted to serve the Motion for TRO/PI as filed by Plaintiff. [#35, #44].

to respond to the Second Amended Complaint without realizing that the sole surviving claim originates from the Motion for TRO/PI and that the Second Amended Complaint is no longer an operative pleading. [#61]. Defendant further represents that the Motion for TRO/PI was not served on him, and requests that he have an extension up to and including December 18, 2015, to respond to the allegations related to his failure to provide necessary medical attention to the swelling in Plaintiff's ankles and feet. *Id.*[3]

The court notes that counsel for Defendant has had access to the court's ECF system and the docket of this case since at least September 4, 2015, when counsel filed a Notice of Appearance and subsequently filed two motions to extend his time to respond. In recognition, however, that the Clerk inadvertently did not include the Order to Draw in Part and to Dismiss in Part or the Motion for TRO/PI in its service on the United States, **IT IS ORDERED**:

1. Plaintiff's Motion to Compel [#54] is **GRANTED IN PART and DENIED IN PART**;

2. Plaintiff's Motion for Status [#59] is **GRANTED IN PART and DENIED IN PART**;

3. Defendant's Motion to Clarify [#61] is **GRANTED IN PART and DENIED IN PART**;

4. The Clerk of the Court is **DIRECTED** to send a copy of the docket to Plaintiff along with a copy of the following documents [#42, #48], and Defendant is reminded of his obligation to serve Plaintiff with any filing submitted to the court;

5. The Clerk of the Court is further **DIRECTED TO SERVE** Defendant with a copy of the Motion for TRO/PI [#35] and the Order to Draw in Part and to Dismiss in Part [#42];

6. Defendant shall file a Response to the allegations contained in the Motion for TRO/PI [#35] at page 3, paragraph 4 on or before **December 18, 2015 and no further extensions will be granted**;

---

[3] Defendant also asks for such relief prohibiting Plaintiff from filing additional motions without the court's permission in light of the § 1915 restrictions currently imposed, and that Defendant not be required to respond to any motion unless the court so orders. [#61 at 4].

7. Plaintiff's request for appointment of counsel is **DENIED** without prejudice at this time as premature and duplicative of his previously denied motion for appointment of counsel, *see* [#3, #5];

8. A Status Conference to discuss the sole remaining claim is hereby set for **December 30, 2015, at 10:00 a.m.** in Courtroom C-204, 2d Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado; **Plaintiff and his case manager shall contact the court at (303) 335-2600 on the above date and at the designated time in order to participate**; and

9. The Clerk of the Court is instructed to send a copy of this Order to the following:

CASE MANAGER FOR
ANTOINE BRUCE #35363-007
FLORENCE ADMAX
U.S. PENITENTIARY
PO BOX 8500
FLORENCE, CO 81226

DATED: December 1, 2015                    BY THE COURT:

                                           s/Nina Y. Wang_____
                                           United States Magistrate Judge